William H. O'BEIRNE, Appellant,

v.

The STATE of Texas, Appellee.

No. 35298.

Court of Criminal Appeals of Texas.

March 13, 1963.

———◆———

Charles E. Anderson, El Paso (court appointed counsel) for appellant.

Edwin F. Berliner, Dist. Atty., Sam W. Callan and Oscar G. Galvan, Asst. Dist. Attys., El Paso, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for theft by bailee of property of the value of $50 or over; the punishment, two years in the penitentiary.

The state's evidence was undisputed that on April 11, 1962, the appellant rented a Chevrolet automobile of the market value of $3,155 from Airways Rent-a-Car in the city of El Paso. Appellant's reservation for the automobile was taken over the telephone by Wayne Hansen, president of the company, who directed his secretary to deliver the automobile to him. The rental agreement which appellant signed before the automobile was delivered to him in El Paso by the secretary provided that he return the vehicle on April 15, 1962, and was conditioned that the vehicle should not be used outside this state nor be removed from the state without the prior written consent of the lessor.

It was the state's theory that appellant converted the automobile to his own use by taking it to New Mexico without the consent of the owner.

In support thereof, the state called the witness Wayne Hansen, the president of the company and owner of the Chevrolet automobile, who testified that on the day in question, after receiving a telephone call from his secretary, he called the state police in Alamogordo, New Mexico, to apprehend the automobile and that they picked it up in Alamogordo within an hour and a half after it was rented to appellant. He further testified that he did not give appellant permission to take the automobile outside the State of Texas and that he sent someone (he did not remember whom) to Alamogordo to pick up the automobile and that person returned it to him the following night.

The state also called Deputy Sheriff Don Whitley, who testified that on April 14, 1962, he went to Alamogordo, New Mexico, and took custody of the appellant, who was there confined in jail, and returned him to El Paso County, Texas.

We find the evidence insufficient to show that appellant removed the automobile from this state and took the same to New Mexico.

No witness testified that he saw the automobile in New Mexico after it was rented to appellant.

The testimony of Hansen, the owner of the automobile, that it was apprehended in Alamogordo, New Mexico, by the state police and was picked up in New Mexico by someone and returned to him in El Paso was clearly hearsay. On cross-examination he admitted that he did not go to New Mexico to get the car.

It is held that hearsay evidence is actually not evidence at all and cannot support the verdict of a jury. 24 Tex.Jur.2d 51, Sec. 557; Pitcock v. State, 168 Tex.Cr.R. 223, 324 S.W.2d 866.

We are unable to agree with the state that the proof of appellant's arrest in New Mexico and the other facts and circumstances were sufficient to show that he took the automobile outside the state.

Because of the insufficiency of the evidence, the judgment is reversed and the cause is remanded.

Opinion approved by the court.