**Ex parte George ELDRIDGE.**

**No. 58265.**

Court of Criminal Appeals of Texas, Panel No. 3.

Nov. 1, 1978.

Before ROBERTS, ODOM and DAVIS, JJ.

OPINION

ROBERTS, Judge.

This is a post-conviction habeas corpus application. See Art. 11.07, Vernon's Ann.

C.C.P. Appellant contends that the felony information used to commence the prosecution against him is fundamentally defective. The trial court has recommended that the relief requested be granted. We agree and grant the requested relief.

Omitting the formal parts, the information alleges that on or about September 21, 1974, in Dallas County, appellant

"did unlawfully, then and there, knowingly and intentionally carry on and about his person a handgun, and the GRAND JURORS AFORESAID, further deposes and says that prior to the commission of the aforesaid offense by said defendant to-wit: on the 30 day of May, A.D., 1972, in Cause No. C72–5573–IL in the Criminal District Court No. 5, of Dallas County, Texas, styled the *State of Texas vs. George Edward Eldridge,* the said Defendant was duly and legally convicted of an offense of Rape."

The information constitutes an attempt to charge appellant with the offense of unlawful possession of a firearm by a felon. V.T.C.A., Penal Code, Section 46.05. That statute provides:

"(a) A person who has been convicted of a felony involving an act of violence or threatened violence to a person or property commits an offense if he possesses a firearm away from the premises where he lives.

"(b) An offense under this section is a felony of the third degree."

Thus, the elements of the offense are:
(1) a person
(2) who has been convicted of a felony
(3) involving an act of violence or threatened violence to a person or property
(4) who possesses a firearm
(5) away from the premises where he lives.

A reading of this information reveals that it omits the fifth of these elements: there is no allegation that the firearm was possessed away from the premises where appellant lived.

An indictment or information which does not allege all of the elements of the felony charged does not invoke the jurisdiction of the district court. *Suarez v. State,* 532 S.W.2d 602 (Tex.Cr.App.1976); *Carpenter v. State,* 551 S.W.2d 724 (Tex.Cr. App.1977). Since the information in this case fails to allege the necessary element that the firearm was possessed away from the premises where appellant lived, it does not charge a felony offense.

The information is also defective in failing to allege that the rape alleged to have been previously committed was a felony involving an act of violence or threatened violence. This is an essential element, since some felonies—including rape—can be committed with or without violence or threats of violence. *Tew v. State,* 551 S.W.2d 375, 377 (Tex.Cr.App.1977).

However, we conclude that the information is sufficient to allege the misdemeanor offense of unlawfully carrying a handgun, as defined by V.T.C.A., Penal Code, Sec. 46.02. Therefore, as in *Suarez* and *Carpenter,* the cause is remanded to the trial court, there to be transferred to a court having jurisdiction of the misdemeanor offense.[1]

The requested relief is granted. The information in cause number C–74–9357HL is remanded to the trial court for disposition consistent with this opinion.

---

1. As in *Suarez* and *Carpenter,* our holding should not be read to preclude the State from seeking a valid re-indictment of appellant. Also, should the State seek to prosecute this information as a misdemeanor, we observe that under Texas law a misdemeanor information, unlike a felony information, must be supported by a valid complaint. Art. V, Sec. 17, Vernon's Ann.Tex.Const.; *Chapple v. State,* 521 S.W.2d 280 (Tex.Cr.App.1975).