**Chester A. SCHUTZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 62124.**

Court of Criminal Appeals of Texas, Panel No. 2.

Feb. 2, 1983.

Rehearing Denied March 16, 1983.

Stephen M. Orr, Austin, for appellant.

Ronald Earle, Dist. Atty., and Philip A. Nelson, Asst. Dist. Atty., Austin, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before ONION, P.J., and McCORMICK, J.

OPINION

McCORMICK, Judge.

This is an appeal from a conviction of possession of a firearm by a felon. Punishment was assessed at two years.

Appellant challenges the sufficiency of the evidence to show that he had previously been convicted of a felony involving violence to property. V.T.C.A., Penal Code, Section 46.05. Appellant pled not guilty in a trial before the court. The evidence adduced at trial concerning appellant's prior conviction consisted of State's Exhibit 1, a pen packet containing a judgment and sentence showing that appellant was convicted of burglary in Cause No. 31,840. Appellant stipulated to the testimony of Shaun McQuillan who would have testified that the fingerprints contained in State's Exhibit 1 matched the appellant's fingerprints. Appellant also stipulated to the testimony of George Phifer of the Austin Police Department. Phifer would have testified that on October 22, 1959, he investigated a burglary at the Hyde Park Pharmacy. He found a window which had been broken out and a safe which had been broken open.

There is nothing in the record, however, to show that the burglary which George Phifer investigated was the same burglary for which appellant was convicted in Cause No. 31,840. Since burglary does not involve an act of violence, per se, the determination

"(5) the object offense was actually committed."

of whether a felony offense is within the scope of Section 46.05, supra, must depend on the facts and circumstances of each case. *Tew v. State,* 551 S.W.2d 375 (Tex.Cr.App. 1977); *Powell v. State,* 538 S.W.2d 617 (Tex.Cr.App.1976). We find the evidence is insufficient to show that the burglary for which appellant was previously convicted involved violence to property.

For these reasons the judgment is reversed and the cause is reformed to show an acquittal. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).