Robert Charles **GARDNER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 536–83.

Court of Criminal Appeals of Texas, En Banc.

Oct. 2, 1985.

Charles E. Perry, Court appointed on appeal, Wichita Falls, for appellant.

Timothy D. Eyssen, Dist. Atty., Wichita Falls, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S MOTION FOR REHEARING

CAMPBELL, Judge.

Our prior opinion is withdrawn. Appellant was convicted of the third degree felony offense of possession of a firearm by a convicted felon. V.T.C.A., Penal Code § 46.05. The jury found him to be an habitual offender by reason of two prior felony convictions and his punishment was set at confinement for life in the Texas Department of Corrections. See V.T.C.A. Penal Code § 12.42(d) prior to amendment. The Fort Worth Court of Appeals reversed his conviction, finding the evidence insufficient, and ordered entry of a judgment of acquittal in an unpublished opinion. *Gardner v. State*, (Tex.App.—Fort Worth, No. 2–81–231–CR, delivered May 4, 1983).

We granted the State's Petition for Discretionary Review to determine whether the court of appeals erred in ordering an acquittal rather than remanding the case for a new trial in accordance with our holdings in *Collins v. State*, 602 S.W.2d 537 (Tex.Cr.App.1980), and *Ex parte Duran*, 581 S.W.2d 683 (Tex.Cr.App.1979). On original submission we agreed with the State's Prosecuting Attorney and reformed the judgment of the court of appeals. We now grant appellant's motion for rehearing and affirm the judgment of the court of appeals.

■ The elements of the offense of possession of a firearm by a convicted felon are:

(1) a person

(2) who has been convicted of a felony

(3) *involving an act of violence or threatened violence to a person or property.*[1]

(4) who possesses a firearm

(5) away from the premises where he lives.

*Ex parte Eldridge*, 572 S.W.2d 716 (Tex.Cr. App.1978). The court of appeals found the evidence insufficient to prove the third element. To satisfy the third element of the primary offense, the indictment alleged a 1967 burglary conviction. Since burglary is not a crime of violence per se, it was incumbent upon the State to prove that the 1967 burglary offense involved an act of violence or threatened violence to property as alleged. *Schutz v. State*, 646 S.W.2d 224 (Tex.Cr.App.1983); *Tew v. State*, 551 S.W.2d 375 (Tex.Cr.App.1977).

In order to prove that the 1967 burglary offense involved violence or threatened violence to property, the State called an Assistant District Attorney, Boyd Richie, as a witness. Mr. Richie testified that he had examined the original files in the District Attorney's office involving the 1967 burglary; that it was an offense of burglary of a private residence at night, and was an offense involving actual violence to property.[2]

The appellant called, as a witness, Ms. Connell, whose premises were the site of the 1967 burglary. She testified that the burglary occurred while she and her husband were at church; that when they left for church all the windows and doors of their home were closed; that no damage was done to the windows or doors; that whoever committed the burglary would have had to open a window or door to gain entry and close the same upon leaving, and that she did not know entry had been made until the following morning when she no-

---

1. All emphasis is supplied by the author of this opinion unless otherwise indicated.

2. It appears as though the State was attempting to track the testimony set forth in *Powell v. State*, 538 S.W.2d 617, 618 (Tex.Cr.App.1976).

ticed that "everything was gone from under the Christmas tree."

Appellant testified in his own behalf, admitting he had committed the 1967 burglary. He further testified that he gained entry to the home through the back door, which was "open," and that he did not break or destroy anything during the commission of the offense.

On rebuttal, Assistant District Attorney Richie was recalled as a witness by the State and testified[3] that, under the Penal Code of Texas in effect in 1967, the opening of an unlocked door or the raising of an unlocked window was sufficient to constitute the force and violence necessary to sustain the burden of proof for conviction of *burglary of a private residence at night*. Richie further testified that in 1967 it was not necessary to show the use of violence in kicking in the door or using a hatchet or leaving pry marks, and that the slightest entry against the will of the person in control of the premises was sufficient.

■ The court of appeals correctly recognized that Richie's testimony, during the State's case-in-chief, was rank hearsay. Mr. Richie played no part in the trial of the 1967 burglary offense and his knowledge of that case derived solely from what he read in the files from that case. *Lumpkin v. State*, 524 S.W.2d 302, 304–05 (Tex.Cr. App.1975). The court of appeals then applied our well established rule[4] that:

"Hearsay is without probative value, even if admitted without objection. *Mendoza v. State*, Tex.Cr.App., 522 S.W.2d 898 [1975]; *Reynolds v. State*, Tex.Cr. App., 489 S.W.2d 866 [1972]. *It constitutes no evidence, and will not be considered in determining the sufficiency of the evidence. Payne v. State*, Tex.Cr.

App., 480 S.W.2d 732 [1972]; *Cherb v. State*, Tex.Cr.App., 472 S.W.2d 273 [1971]; *Rogers v. State*, Tex.Cr.App., 368 S.W.2d 772 [1963]; *O'Beirne v. State*, Tex.Cr.App., 365 S.W.2d 787 [1963]."

*Lumpkin v. State*, supra at 305–06. Consequently the court of appeals refused to consider Richie's hearsay testimony in determining the sufficiency of the evidence. That court then concluded that the other evidence in the case was insufficient to establish that the 1967 burglary involved violence or the threat of violence to property and ordered an acquittal.

The State's Prosecuting Attorney asserts in his petition for discretionary review that the error in this cause was occasioned by the trial court erroneously admitting Richie's hearsay testimony. He further contends that this *trial error* is the cause of the "insufficiency" finding by the court of appeals. He argues that we must consider all the evidence, properly or erroneously before the jury, in determining sufficiency questions. He cites as authority for his position, inter alia, our opinion in *Collins v. State*, supra.

*Collins*, supra, is best understood when we examine our opinion in *Porier v. State*, 662 S.W.2d 602 (Tex.Cr.App.1984), viz:

"In *Collins v. State*, [citation omitted] the defendant successfully complained of hearsay testimony and maintained that the evidence remaining after the hearsay was excluded was insufficient. We refused to consider the sufficiency of the evidence under such circumstances and reversed and remanded. See also, *Adams v. State*, 639 S.W.2d 942 (Tex.Cr. App.1982); and *Fearance v. State*, 620 S.W.2d 577 (Tex.Cr.App.1980).

"The concurrence noted, however, that the holding in *Collins* only applied to, 'the special case of an appellant like Col-

---

**3.** While appellant did object to this testimony when offered, he failed to object on the basis that the testimony constituted inadmissible hearsay.

**4.** This rule can be traced back to *Belverman v. State*, 16 Tex. 130, 131 (1856), wherein the Supreme Court stated: "But mere hearsay is not only not the best, nor even secondary evidence; it is no evidence."

lins who tries to bootstrap himself into an acquittal by arguing first that a piece of evidence was admitted erroneously, and then that the erroneously admitted evidence must be discounted in considering the sufficiency of the evidence.' 602 S.W.2d at 539.

"The concurrence also noted that the holding did, 'not affect our general rule that, even though we have found reversible trial error, we still must consider a claim that all the evidence (proper and improper) was insufficient.' 602 S.W.2d at 540." 662 S.W.2d at 606.

It appears to us that an analytical flaw exists in our opinion in *Collins* due to its failure to mention, let alone discuss, the interplay between the *Lumpkin* line of cases and the *Porier* line of cases. On the one hand, *Lumpkin* holds that unobjected-to hearsay has no probative value and cannot be considered in determining the sufficiency of the evidence. Conversely, the line of cases relied upon in *Porier*, hold that in determining the sufficiency of the evidence, the reviewing court must consider all the evidence, properly or improperly admitted. Unless *Collins* overrules the *Lumpkin* line of cases sub silentio,[5] it appears as though *Collins* was erroneously decided because it fails to recognize the distinction between the *admissibility* of evidence and the *probative value* of evidence.

■■■ While it is true that, in determining sufficiency of the evidence, we consider all the evidence, admissible and inadmissible, we have never held that all evidence, admissible and inadmissible, has *probative* value and is capable of supporting a judgment. In fact, inadmissible hearsay is the only form of evidence that lacks probative value. Since such evidence lacks probative

value, it is discounted when determining sufficiency questions. Whether we do not consider inadmissible hearsay in determining sufficiency questions or whether we consider it and then treat it as "no evidence" is a semantic distinction without a difference. The point is that the hearsay rule can co-exist with the "consider all the evidence" rule when sufficiency questions are addressed if we consider the hearsay, but consider it as no evidence. As stated by appellant in his motion for rehearing: "*Without* the State's evidence we have *no evidence* and *with* the State's evidence we have *no evidence.*"

We need not decide the fate of *Collins* and *Porier*, nor of our rule concerning unobjected-to inadmissible hearsay in this case, however, because we find the evidence to be insufficient *even if we assume* that the unobjected-to hearsay testimony of Assistant District Attorney Richie possesses probative value. Mr. Richie's assertion that appellant's 1967 burglary conviction involved actual violence to property was a conclusion on his part. He testified concerning the basis for his conclusion on rebuttal: that in his legal opinion, the amount of force necessary to establish illegal entry under the burglary statute in effect in 1967 was also sufficient to establish violence to property under V.T.C.A., Penal Code § 46.05. Mr. Richie never controverted *any* of the factual circumstances concerning the burglary that were testified to by the appellant and Ms. Connell. Instead, he merely purported to give his legal opinion on whether appellant's entry into Ms. Connell's home through an open back door constituted violence to property.

■■■ We first observe that whether appellant's 1967 burglary conviction was for

---

5. While we do not decide today whether the *Lumpkin* line of cases has been or should be overruled, we note that our rule concerning the probative value of unobjected-to hearsay has been universally criticized by the commentators. See 1 Wigmore, *Evidence* § 18, n. 1 (Tillers rev. ed. 1983) (characterizing rule as "patent nonsense"); 1 Ray, *Texas Evidence* § 31 (3rd ed.

1980); Black, *Hearsay Admitted Without Objection—A Defense of Its Probative Value,* 17 So. Tex.L.J. 69 (1975); Comment, *Hearsay Admitted Without Objection: A Reassessment of Its Probative Value,* 33 Baylor L.Rev. 983 (1981); see also *Hanna v. State,* 546 S.W.2d 318 (Tex.Cr.App. 1977) (Douglas, J., dissenting); Tex.R.Evid. 802 (specifically abolishing rule in civil cases).

a felony involving an act of violence to property was a question of fact for the jury to decide. *Tew*, supra. Since burglary is not a crime of violence per se, the determination of whether a particular burglary is within the scope of Section 46.05, supra, must depend on the facts and circumstances of each case. *Schutz*, supra. Furthermore, the phrase "an act of violence or threatened violence to a person or property" as used in § 46.05, supra, has the meaning that would be ascribed to it by persons of ordinary intelligence. *Powell v. State*, 538 S.W.2d 617 (Tex.Cr.App.1976).

▆▆▆ Thus, it logically follows that the determination of whether a felony offense is within the scope of § 46.05, supra, is not a proper subject for opinion testimony of any character. We mention this for the benefit of the bench and bar should either be faced with this issue in future prosecutions under § 46.05, supra. Furthermore, Mr. Richie's legal conclusion was erroneous because it would have the effect of making burglary a crime of violence, per se, which it is not. *Schutz*, supra; *Tew*, supra; *Powell*, supra. In the early case of *State v. Robertson*, 32 Tex. 159 (1869), the Texas Supreme Court, dealing with penal provisions the same as were in existence in 1967 when appellant was convicted of burglary, concluded that burglary by breaking did indeed imply some actual force, but the Court stated, "it does not contemplate such force as would be denominated violence." We now reaffirm this holding and state unequivocally that proof sufficient to establish "breaking" in a burglary prosecution under our former penal code, see V.A. P.C. Articles 1389 et seq., 1404b, does not *automatically* establish violence to property under § 46.05, supra. To the extent that it conflicts with this holding, *Powell*, supra, is overruled.

▆▆▆ Whether there was sufficient evidence for a rational trier of fact to convict appellant for unlawful possession of a firearm by a convicted felon is governed by *Ex parte Eldridge*, supra, and *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The relevant inquiry is whether, after viewing the evidence in the light most favorable to the verdict, any rational fact-finder could have found the essential elements of the offense beyond a reasonable doubt and, in the case at bar, we simply do not believe that the opening of an unlocked door or window could be considered by any rational trier of fact to be an act of violence to property. Our conclusion is dictated by common sense.

The judgment of the Court of Appeals is affirmed.

ONION, P.J., and W.C. DAVIS, J., concur.

CLINTON, Judge, concurring.

Once again the subject is *Collins v. State*, 602 S.W.2d 537 (Tex.Cr.App.1980). See also *Chambers v. State*, No. 1147–83.

Just as the opinion of the Court in *Collins* pretermitted mention of *Ex parte Duran*, 581 S.W.2d 683 (Tex.Cr.App.1979), because it did not involve objected hearsay—and, in my view at least, was wrong in labeling the faulty stipulation "trial error," see *Thornton v. State*, 601 S.W.2d 340, 343–348 (Tex.Cr.App.1980)—so also "the *Lumpkin* line of cases" [*Lumpkin v. State*, 524 S.W.2d 302 (Tex.Cr.App.1975)] was not addressed because the testimony as to custody of the service trailer, though shown to be based on hearsay, was also unobjected. Unlike the sole contention in *Lumpkin* that all evidence was insufficient to show ownership of the trailer, *id.*, at 304, the claim in Collins was that what evidence remained *after excluding erroneously admitted hearsay over objection* was insufficient. *Collins*, at 538, 539 and 540. Most assuredly *Collins* was not intended or designed to "overrule[ ] the *Lumpkin* line of cases sub silentio," nor may it reasonably be read to do so. If

837

there is any doubt of that, we can dispel it easily enough.

In my judgment we are experiencing some difficulty in these matters purely because the State seeks to press upon the Court a notion that on appeal any "erroneous receipt" of *hearsay* evidence—regardless of an objection—must be regarded as "trial error." The endeavor is to make "trial error" a talisman for remand rather than suffer an examination of the evidence for possible order of acquittal.

Apparently the State perceives *Collins* as an instrument to accomplish its goal. However, the *"Lumpkin* line," *Collins* and *Porier v. State,* 662 S.W.2d 602 (Tex.Cr. App.1984), may all be reconciled when approached from the perspective of what an appellant is contending on appeal in such cases. Thus, in *Lumpkin* the ground of error was straight, unadulterated insufficiency of evidence admitted without objection but shown to be hearsay; in *Collins* grounds of error complained of "trial error"—hearsay admitted over objection— but then sought to exclude that evidence in consideration of sufficiency; *Porier* started off like *Collins* but then he contended that *all* the evidence was insufficient. Accordingly, when the contention is validly presented on appeal sufficiency of *all evidence* will be considered for what it is worth; but a contention that without hearsay erroneously admitted over objection the remaining evidence is insufficient will not be determined.

Therefore, I join the judgment of the Court.

TEAGUE, Judge concurring and dissenting.

Contrary to the majority opinion, its conclusion that Robert Charles Gardner, appellant, is entitled to an acquittal in this cause is dictated by common sense is incorrect because the appellant is entitled to an acquittal because of the law, and not because of common sense. Of course, and notwithstanding the fact that the law is usually based upon common sense, the law has always been superior to common sense.

Although I agree with the end result that the majority opinion eventually manages to reach, that the appellant is entitled to an acquittal, I am compelled to dissent to its leading the reader through an intricate but unnecessarily lengthy maze of dicta.

It has been said more than once that oftentimes the "pudding" in one of this Court's opinions is not in the opinion itself, but, instead, is found in the "shuck" for that case. In that instance, to find the "pudding," all one needs to do is go and get the "shuck" and read the record on appeal that is contained therein.

Thus, in this instance, but contrary to what Judge Campbell implies, the "pudding" in *Collins v. State,* 602 S.W.2d 537 (Tex.Cr.App.1980), is not in the opinion, but, instead, is in the record on appeal of that cause.

The record in *Collins v. State,* supra, reflects in part the following, when the State's witness Williams was testifying:

MR. LESHER (Counsel for the Defendant): Your Honor, I object to any testimony of what the child [Shemetra] might have said [to the witness] ... This is total hearsay.

MR. MILLER (The Prosecuting Attorney): Your Honor ... It is an exception to the hearsay rule.

THE COURT: All right ... I overrule your objection.

When the State's witness Nowlin was testifying, the record in part reflects the following:

Q: (By Mr. Miller, the prosecuting attorney): All right. What did Shemetra [the complaining witness] relate to you?

MR. LESHER: Your Honor, I object to that as being hearsay.

THE COURT: I overrule your objection.

The above objection of counsel for the defendant and ruling of the trial court were soon thereafter repeated, not once but at least three times. The witness Nowlin eventually testified that "Shemetra told me that he put his thing in her and hurt her and made her bleed." On appeal, this Court held that the trial judge erred in overruling defense counsel's objections, and that such error was reversible error. *Collins v. State*, supra, at page 538. This Court also correctly held that because such error was only "trial error" the defendant was not entitled to an acquittal, but was only entitled to a new trial.

Thus, the record on appeal in *Collins v. State*, supra, clearly reflects that trial counsel for the defendant in that cause timely and properly objected to the inadmissible hearsay testimony of the State's witnesses Williams and Nowlin, but his objection that such testimony was hearsay was erroneously overruled by the trial court. This Court correctly held that such was only "trial error" because the trial judge erroneously overruled the objections made by defense counsel.

Therefore, when the opinion of *Collins v. State*, supra, is read in light of what actually occurred during the trial of that cause, it is correct. However, if *Collins v. State*, supra, can be read to mean otherwise, it should be expressly overruled.

But, taking into consideration what was stated and held in *Collins v. State*, supra, in light of what occurred during the trial of that cause, there is nothing wrong with *Collins v. State*, supra, except that the opinion should have more clearly and expressly stated what actually occurred during the trial of the case.

Thus, but contrary to Judge Campbell's reasoning, *Collins v. State*, supra, is not best understood, when "we examine our opinion in *Porier v. State*, 662 S.W.2d 602 (Tex.Cr.App.1984)"; instead, *Collins v. State*, supra, is best understood when one examines the record on appeal in that cause and, unless legally blind, can clearly see

that the defendant in that cause timely and properly objected to the inadmissible hearsay testimony, but his objection was erroneously overruled by the trial judge. Furthermore, the "analytical flaw in our opinion in Collins is [not] due to its failure to mention, let alone discuss, the interplay between the *Lumpkin* line of cases and the *Porier* line of cases"; instead, the flaw in *Collins v. State*, supra, is the failure of its author to expressly state therein that the defendant in that cause timely and properly objected to the admission into evidence of inadmissible hearsay evidence, and his objection was erroneously overruled by the trial judge. Lastly, *Collins v. State*, supra, was not "erroneously decided because it fails to recognize the distinction between the admissibility of evidence and the probative value of evidence"; instead, its weakness lies in the fact that it gives the aura of that appearance, only because the opinion fails to expressly state that the defendant in that cause timely and properly objected to the inadmissible hearsay evidence, and his objection was erroneously overruled.

The majority correctly withdraws the original majority opinion in this cause that was authored by Judge Odom. Unfortunately, although Judge Odom drew the distinction between "trial error" or "judicial error" and "insufficiency of the evidence error," he apparently overlooked the fact that in this cause this Court was not dealing with an objection by appellant's trial counsel, and the erroneous overruling of his objection by the trial judge, but, instead, was dealing solely with whether the evidence that the jury heard had sufficient value to sustain the verdict of the jury. It is now apparent to me that Judge Odom may have been misled by what the State Prosecuting Attorney argued in his petition for discretionary review, that unobjected to testimony can never amount to more than mere "trial error."

I filed a dissenting opinion to Judge Odom's opinion. Unfortunately, at that time, I did not see the real meaning of

"trial error" or "judicial error," as applied in Texas law. Now that I have read the trial record in *Collins v. State*, supra, and spent more time researching the subject, I can see the light, and withdraw my dissenting opinion.

Perhaps it is because of this Court's past treatment of "trial error" or "judicial error" and "insufficiency of the evidence error" that causes much confusion to exist among many members of the Bench and Bar of this State over what is "trial error" or "judicial error".

Unfortunately, the majority opinion by Judge Campbell is of little assistance to the members of the Bench and Bar in this area of the law.

Perhaps it is because our citizens have been engrained with a deep sense of historical independence that makes Texas a unique and great State. Even when it comes to our law, we are not prone to pander to what some other State's judiciary might be holding, just because of the holding.

And that may account why some persons have difficulty in drawing the distinction between "trial error" or "judicial error" and "insufficiency of the evidence error."

As a general rule, a trial judge in Texas may act only when he is called upon to act. The phrase "sua sponte" is or should be an alien phrase in our criminal jurisprudence, invoked only in the most extreme of circumstances.

During the trial of a criminal case, a trial judge usually acts only when he is called upon to act by a party who objects to the admission of evidence offered by the opposing party. As a matter of law, the trial judge may not act independently, "sua

sponte," if you please, because to so act the trial judge runs the risk of violating the provisions of Art. 38.05, V.A.C.C.P., and committing reversible error. If the trial judge is called upon to act during a criminal trial, by a party objecting to evidence, and he overrules the objection, and it is later determined that he acted erroneously, such error is and always should be "trial error" or "judicial error."

I pause to point out that in this instance the trial judge was never called upon to act; thus, because he was never called upon to act, nor did he act, there was no "trial error" or "judicial error" in the admission into evidence of the inadmissible hearsay testimony of Ritchie.[1]

Within all of the dicta that is espoused in his opinion for the Court, Judge Campbell never explains or discusses the fact that *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), also see *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), drew a distinction between "trial error" or "judicial error" and "insufficiency of the evidence error." In fact, Judge Campbell does not even mention *Burks v. United States*, supra, and *Greene v. Massey*, supra, in the dicta portion of his opinion, much less discuss them. And yet, *Burks-Greene*, supra, are the two cases which created, for purposes of appellate review, the distinction between "trial error" and "insufficiency of the evidence error."

The Supreme Court in *Burks v. United States*, supra, held that the Double Jeopardy Clause precludes a retrial once a reviewing court has determined that the evidence introduced at trial was insufficient to sustain the verdict. However, it also held that

---

1. In this instance, as the court of appeals pointed out in its opinion, the appellant's trial objection was *not* that Ritchie's testimony would be hearsay, but, instead, was that Ritchie should not have been permitted to testify because his name had not been furnished pursuant to a pretrial order directing that the names of the State's witnesses be furnished appellant. For reasons stated by the court of appeals, the trial judge correctly overruled appellant's objection. Thus, for our purposes, but because appellant's trial counsel did not object to Ritchie's testimony on the ground it was hearsay, Ritchie's testimony constitutes unobjected to inadmissible hearsay testimony.

if the error that caused the reversal was only "trial error" then the defendant could be retried a second time.

Thus, when "trial error" or "judicial error" is found to exist by an appellate court, and a challenge to the sufficiency of the evidence is also made on appeal, it is appropriate for the appellate court to review *all* of the unobjected to evidence that has value, under the assumption that it was properly admitted into evidence, because no objection was made to its admission into evidence.

In *Burks v. Greene*, supra, the Supreme Court, relying upon its decision of *Hopt v. Utah*, 110 U.S. 574, 4 S.Ct. 202, 28 L.Ed. 262 (1884), also pointed out that the admission into evidence *over objection* of hearsay testimony was only trial error. Unfortunately, it did not discuss the effect of unobjected to inadmissible hearsay evidence or testimony. This is probably because many Federal and State jurisdictions hold that inadmissible hearsay testimony or evidence, if admitted without objection, may be considered as probative evidence, either by the trier of fact or an appellate court. See Binder, *Hearsay Handbook* (Second Edition). However, in the independent and great State of Texas, as Judge Campbell points out, the rule has long been that in a criminal trial "mere hearsay evidence is not only not the best, nor even secondary evidence, it is no evidence," whether admitted with or without objection. The only real exception to this great rule of law is in appeals from orders revoking probations. *Frazier v. State*, 600 S.W. 2d 271, 275 (Tex.Cr.App.1980).

Does the fact that unobjected to inadmissible hearsay evidence has no value change the above? I do not think so.

In Texas, unobjected to inadmissible hearsay evidence constitutes "evidence without probative value," or "zero evidence," but is such only for appellate review purposes. Thus, when a challenge to the sufficiency of the evidence occurs in Texas, all evidence having "zero value" is excluded from consideration, notwithstanding the fact that under *Burks* and *Greene*, supra, all evidence, both admissible and inadmissible evidence, is to be considered in deciding whether the evidence is sufficient to sustain the verdict of the jury. The above is not to state that in Texas, for appellate review purposes, when a challenge to the sufficiency of the evidence is made, we do not consider all the evidence, because we do; in doing so, however, we exclude any evidence that is valueless, as we must under the law as it presently exists in Texas.

In excluding the unobjected to inadmissible hearsay testimony of Ritchie, in judging the sufficiency of the evidence, because it is valueless, such method of analysis is not unusual under our law because in reviewing a challenge to the sufficiency of the evidence, this Court has long deleted the substance of hearsay statements in determining the sufficiency of the evidence, see *Alvarado v. State*, 632 S.W.2d 608 (Tex.Cr. App.1982); *Gutierrez v. State*, 628 S.W.2d 57 (Tex.Cr.App.1982), and has eliminated from consideration accomplice witness testimony in determining whether it was sufficiently corroborated, see *Castaneda v. State*, 682 S.W.2d 535 (Tex.Cr.App.1984); *Paulus v. State*, 633 S.W.2d 827 (Tex.Cr. App.1982), without characterizing these tasks as "exercises in the abstract." This is because in the great State of Texas such evidence is initially valueless for appellate review purposes, where the sufficiency of the evidence is challenged. Cf. *Collins v. State*, supra.

In this instance, after excluding the unobjected to inadmissible hearsay testimony of Ritchie, because it is valueless testimony, the remaining evidence is clearly insufficient to sustain the verdict of the jury. Therefore, I concur in the result the majority reaches, that appellant is entitled to an acquittal.

In closing, I emphasize; there is no "trial error" or "judicial error" in this cause;

instead, the only issue that must be decided by this Court is whether, after excluding the valueless unobjected to inadmissible hearsay testimony, the remaining evidence is sufficient to sustain the verdict of the jury. It does not.

The majority reaches the right result, but for the wrong reasons, that appellant is entitled to an acquittal. I concur in that result. However, for reasons I have stated, I must respectfully dissent to the almost four pages of dicta that is in the majority opinion because, as applied, it has nothing to do with the legal issue that is before us.