

# NUMBER 13-12-00411-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**DAMIAN RAMIREZ CAVAZOS,**                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                    **Appellee.**

---

### On appeal from the County Court at Law No. 6
### of Hidalgo County, Texas.

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez, Justices Garza, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant Damian Ramirez Cavazos appeals his conviction of driving while intoxicated, a class B misdemeanor. *See* TEX. PENAL CODE ANN. § 49.04 (a)–(b) (West 2011). After a jury found appellant guilty, the trial court assessed punishment at one hundred eighty days' confinement in the county jail, suspended for one year. By two

issues, appellant argues: (1) the evidence was insufficient to convict; and (2) the trial court should have granted appellant's motion for mistrial. We affirm.

## I. BACKGROUND[1]

Trooper Alfonso Lorezo Jarero Jr. stopped appellant for running a red light in his vehicle. Trooper Jarero testified that upon making contact with appellant, he smelled a strong odor of alcohol on appellant's breath. Appellant informed Trooper Jarero that he had drunk about six or seven twelve-ounce beers. Trooper Jarero administered three standard field sobriety tests: the horizontal gaze nystagmus (HGN) test, the walk-and-turn test, and the one-leg stand test. According to Trooper Jarero, appellant showed all six clues of intoxication on the HGN test, four of the eight possible clues on the walk-and-turn test, and three of the four clues on the one-leg stand test. Trooper Jarero arrested appellant for driving while intoxicated.

At the San Juan Police Department, Trooper Jarero interviewed appellant. In the interview, appellant told Trooper Jarero that he actually consumed about twelve beers. Trooper Jarero used an intoxilyzer to obtain breath samples from appellant. One sample was deficient, and Trooper Jarero speculated that appellant "didn't blow hard enough." The other two samples registered a blood alcohol concentration of .181 and .183.

Marry Ann Perales, the technical supervisor responsible for maintaining and calibrating the intoxilyzer that Trooper Jarero used to collect appellant's breath samples, testified that she tested the intoxilyzer about one month before and a few days after appellant's arrest. She affirmed the intoxilyzer was operating correctly on those dates.

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

2

Perales stated that, in her opinion, appellant was intoxicated. The State asked Perales if she could approximate the level of appellant's blood alcohol content at a time about one hour before he provided the breath samples. Perales responded that she could not give an exact number, but she asserted, "I can tell you he was above the legal limit."

## II. SUFFICIENCY OF THE EVIDENCE

By his first issue, appellant contends the evidence was insufficient to support his conviction. We disagree.

### A. Admissibility of Evidence

As a preliminary matter, although appellant frames his argument as a sufficiency challenge, much of his issue questions the admissibility of certain evidence. Specifically, appellant discounts Trooper Jarero's testimony regarding the standard field sobriety tests because "he was not shown to be certified to conduct field sobriety tests and because he failed to adequately and correctly administer the field sobriety tests in accordance with the instructions and guidelines contained in the NHTSA [National Highway Traffic Safety Administration] Manual."[2] Appellant similarly characterizes Perales's testimony of appellant's level of intoxication about an hour before providing the breath samples as "deficient, incompetent, and inadmissible" because it was "devoid of any concrete factual

---

[2] Appellant acknowledges that he did not offer the National Highway Traffic Safety Administration Manual into evidence in the trial court, but he encourages us to take judicial notice of it pursuant to *Emerson v. State*, 880 S.W.2d 759, 764–66 (Tex. Crim. App. 1994) and *Chapa v. State*, 729 S.W.2d 723, 728 n.3 (Tex. Crim. App. 1987). Those cases allow an appellate court to take judicial notice of evidence not previously admitted in assessing the universal admissibility of certain evidence, *see Emerson*, 880 S.W.2d at 764–66 (evaluating the legitimacy of horizontal gaze nystagmus test to measure intoxication levels), or the fundamental validity of a legal argument, *see Chapa*, 729 S.W.2d at 728 n.3 (holding judicial notice of legislative fact helps determine when society recognizes an expectation of privacy as a reasonable one). The cases do not exempt a party from moving to admit available evidence. *See Emerson*, 880 S.W.2d at 764–66; *Chapa*, 729 S.W.2d at 728 & n.3.

3

or scientific basis, [and] it was largely an exercise of conjecture and speculation."

Because appellant did not object to the admissibility of either witness's testimony in the trial court, we will not rule on its admissibility.  *See* TEX. R. APP. P. 33.1 (as a prerequisite to presenting an issue on appeal, the appellant must have timely objected to the trial court, stating the specific objectionable grounds and obtaining a ruling on the objection); *Griggs v. State*, 213 S.W.3d 923, 927 (Tex. Crim. App. 2007).[3]  Regardless, even if the testimony was improperly admitted, we nevertheless consider all evidence, admissible and inadmissible, in our sufficiency review.  *See Johnson v. State*, 967 S.W.2d 410, 412 (Tex. Crim. App. 1998) (citing *Gardner v. State*, 699 S.W.2d 831, 835 (Tex. Crim. App. 1985) (en banc)); *Jaynes v. State*, 216 S.W.3d 839, 845 (Tex. App.—Corpus Christi 2006, no pet.) (citing *Moff v. State*, 131 S.W.3d 485, 488 (Tex. Crim. App. 2004)).

## B.      Standard of Review

"The standard for determining whether the evidence is legally sufficient to support a conviction is 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  *Johnson v. State*, 364 S.W.3d 292, 293–94 (Tex. Crim. App. 2012) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in original); *see Brooks v. State*, 323 S.W.3d 893, 898–99 (Tex. Crim. App. 2010) (plurality op.). "The jury is the exclusive judge of the credibility of the witnesses and of the weight to be

---

[3]    Appellant's cross-examination of Trooper Jarero extensively covered the administration of the standard field sobriety tests, and the trial court admitted and published to the jury, without objection, a DVD recording of Trooper Jarero's administration of the standard field sobriety tests.  *See Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004) (holding that error in the admission of evidence is cured when it comes in elsewhere without objection); *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003) (same).

given testimony, and it is also the exclusive province of the jury to reconcile conflicts in the evidence." *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000) (en banc) (citing *Jones v. State*, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996)).

We measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.* A person commits the offense of driving while intoxicated if the person is intoxicated while operating a motor vehicle in a public place. TEX. PENAL CODE ANN. § 49.04. "Intoxicated" means "not having the normal use of mental or physical faculties by reason of introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance in the body." *Id.* § 49.01(2)(A). "Intoxicated" can also mean, "having an alcohol concentration of .08 or more." *Id.* § 49.01(2)(B).

**C.    Analysis**

It is undisputed that appellant was operating a motor vehicle in a public place. The strongest evidence that appellant was intoxicated while operating the vehicle was that his breath sample registered a .181 and .183 blood alcohol concentration—clearly in excess of the .08 legal limit—about an hour after Trooper Jarero stopped him. *See* TEX. PENAL CODE ANN. § 49.01(2)(B). Perales gave unobjected-to testimony that appellant's

5

blood alcohol concentration would have been above the legal limit about an hour before he submitted the breath samples. This evidence alone was sufficient to convict appellant. *See Sanchez v. State*, 376 S.W.3d 767, 775 (Tex. Crim. App. 2012) (citing *Kitchens v. State*, 823 S.W.2d 256, 258–59 (Tex. Crim. App. 1991) (en banc) ("When a jury returns a general guilty verdict on an indictment charging alternate methods of committing the same offense, the verdict stands if the evidence is sufficient to support a finding under any of the theories submitted.").

Alternatively, Trooper Jarero testified that he arrested appellant for driving while intoxicated because appellant performed poorly on the standard field sobriety tests. The court admitted and published a DVD recording of appellant performing the tests. Trooper Jarero expressly affirmed that, based on his observations, appellant had lost the normal use of his mental and physical faculties. *See* TEX. PENAL CODE ANN. § 49.01(2)(A).

We defer to the jury as the sole judge of the credibility of the witnesses and of the weight to be given their testimony. *See Wesbrook*, 29 S.W.3d at 111. Viewing the evidence in the light most favorable to the prosecution, we conclude a rational jury could have found the essential elements of driving while intoxicated beyond a reasonable doubt. *See Johnson*, 364 S.W.3d at 293–94. Thus, as an alternative to proving the offense with evidence of appellant's blood alcohol concentration, Trooper Jarero's testimony and evidence of appellant's poor performance of the standard field sobriety tests constituted sufficient evidence to convict. *See Sanchez*, 376 S.W.3d at 775. We overrule appellant's first issue.

### III. MOTION FOR MISTRIAL

By his second issue, appellant argues the trial court erred in failing to grant his motion for mistrial because Trooper Jarero improperly commented on appellant's right to remain silent. *See* U.S. CONST. amend. V; TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. ANN. art. 38.08 (West 2005). The complained-of comment came during defense counsel's cross-examination of Trooper Jarero. Trooper Jarero testified that appellant, in running the red light, almost hit Trooper Jarero's vehicle. Defense counsel, trying to discredit Trooper Jarero, asked why Trooper Jarero did not include that information in his arrest report. Trooper Jarero responded, "Why don't you put him on the stand in [sic] ask him?" Defense counsel objected to the comment, and the trial court sustained the objection and struck the statement from the record.[4] The trial court then denied a requested motion for mistrial.

#### A.      Standard of Review

We review a trial court's ruling on a motion for mistrial under the abuse-of-discretion standard. *See Webb v. State,* 232 S.W.3d 109, 112 (Tex. Crim. App. 2007). We view the evidence in the light most favorable to the trial court's ruling and uphold the ruling if it is within the zone of reasonable disagreement. *See id.* (citing *Wead v. State,* 129 S.W.3d 126, 129 (Tex. Crim. App. 2004)).

A mistrial is a severe remedy, and "[o]nly in extreme circumstances, where the prejudice is incurable, will mistrial be required." *Hawkins v. State,* 135 S.W.3d 72, 77 (Tex. Crim. App. 2004) (en banc). "A mistrial is the trial court's remedy for improper

---

[4] Appellant did not ask the trial court to instruct the jury to disregard Trooper Jarero's statement. No instruction to disregard was given.

conduct that is 'so prejudicial that expenditure of further time and expense would be wasteful or futile.'" *Id.* (quoting *Ladd v. State,* 3 S.W.3d 547, 567 (Tex. Crim. App. 1999)). "Therefore, a mistrial should be granted only in the cases where the 'reference was clearly calculated to inflame the minds of the jury or was of such damning character as to suggest it would be impossible to remove the harmful impression from the juror's minds.'" *Young v. State,* 283 S.W.3d 854, 878 (Tex. Crim. App. 2009) (quoting *Rojas v. State,* 986 S.W.2d 241, 250 (Tex. Crim. App. 1998)). Otherwise, sound discretion normally requires the trial judge to consider less drastic alternatives. *Torres v. State,* 614 S.W.2d 436, 442 (Tex. Crim. App. [Panel Op.] 1981).

In determining whether a mistrial should have been granted, three factors must be balanced: (1) the severity of the misconduct (prejudicial effect); (2) curative measures; and (3) the certainty of conviction absent the misconduct. *Archie v. State,* 221 S.W.3d 695, 700 (Tex. Crim. App. 2007) (citing *Ramon v. State,* 159 S.W.3d 927, 929 (Tex. Crim. App. 2004)).

**B.    Discussion**

We agree with appellant and the trial court that Trooper Jarero's comment was improper. Viewed in context, however, Trooper Jarero's retort was unrelated to appellant's level of intoxication; Trooper Jarero was defending his credibility, which defense counsel attempted to undermine by asking why certain details discussed in the trooper's testimony did not appear in his arrest report. Once the court sustained the objection and struck the remark, Trooper Jarero did not repeat the statement.

First, we hold the statement was not so severe that it was impossible to remove

any harmful impression from the juror's minds. *See Young*, 283 S.W.3d at 878. Second, the trial court's curative measures of sustaining the objection and striking it from the record were sufficient to remove the impression from the jurors' minds.[5] Third, as discussed in the previous section, the evidence that appellant was driving while intoxicated was very strong. Appellant's conviction resulted from the strength of the evidence rather than Trooper Jarero's comment, especially given that the comment was unrelated to appellant's level of intoxication. Thus, on balance, the three factors weigh against the extreme remedy of a mistrial. *See Archie*, 221 S.W.3d at 700.

Viewing the evidence in the light most favorable to the trial court's ruling, we conclude the ruling fell within the zone of reasonable disagreement. *See Webb*, 232 S.W.3d at 112. We overrule appellant's second issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
6th day of February, 2014.

---

[5] The jury charge properly informed the jury that appellant's silence was not to be held against him. We presume the jury followed the jury charge absent a contrary showing. *See, e.g., Casanova v. State*, 383 S.W.3d 530, 543 & n.56 (Tex. Crim. App. 2012).