## JOHN W. ANDERSON v. THE STATE.

No. 3216. Decided October 14, 1914.

**1.—Murder—Reproduction of Testimony—Sheriff's Return—Predicate.**

Where, upon trial of murder, the State was permitted to introduce the testimony of an absent witness taken at the examining trial over the objection of defendant, it was error to permit the sheriff's return in evidence which contained a hearsay statement that the witness had left the State; neither did a letter from said witness show a permanent removal from the State.

**2.—Same—Evidence—Letters—Motion for New Trial.**

Where the State attempted to strengthen its position that an absent witness, whose testimony had been reproduced, was permanently absent from the State, by filing a contest to defendant's motion for new trial attaching letters thereto which were not shown to have been in the handwriting of said absent witness, the same were inadmissible.

**3.—Same—Rule Stated—Reproduction of Testimony.**

It is only when it is shown that a person has permanently gone beyond the jurisdiction of the court that his testimony can be reproduced; a temporary absence does not render it admissible.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. C. W. Robinson.

Appeal from a conviction of murder; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Kahn & Williams,* for appellant.—On question of reproducing testimony: Nixon v. State, 53 Texas Crim. Rep., 325; Taylor v. State, 50 id., 381; Pace v. State, 61 id., 436; Askew v. State, 59 id., 152; Cooper v. State, 7 Texas Crim. App., 194; Post v. State, 10 id., 579; Menges v. State, 21 id., 413; Betts v. State, 65 Texas Crim. Rep., 358, 144 S. W. Rep., 677; Gamboa v. State, 69 Texas Crim. Rep., 635, 155 S. W. Rep., 249.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of murder and his punishment assessed at five years confinement in the State penitentiary.

We do not deem it necessary to discuss but one question raised in the motion for new trial, for in our opinion none of the others present error. The State was permitted, on the trial of the case, to introduce the testimony of G. R. Rosser, taken at the examining trial, over the objection of appellant. The only proof offered on the trial to show that Rosser was a non-resident and beyond the jurisdiction of the court was, first, the return of the sheriff on a subpoena issued for Rosser, which reads as follows: "Not executed as to G. R. Rosser who could not be found in Galveston County after diligent search and inquiry and the diligence used in finding said witness being, on going to his last place of employment at Fowler & McVitie, the information received as to the whereabouts of said witness being, he has left for Montgomery, Alabama, to reside in the future." Objection was made to that part of the return which stated the sheriff was informed at Fowler & McVitie's that Rosser had gone to Montgomery, Alabama, to reside in future. Was this return admissible to prove that the witness was a non-resident? It bears on its face that it is a hearsay statement—something that some one at Fowler & McVitie's told the sheriff, not even giving the name of the informant. If either Fowler or McVitie or anyone at the store knew that Rosser had moved beyond the confines of the State, such person was certainly within reach of the process of the court, and the sheriff would not be permitted to testify that he had been so told by such person, and neither would a return made on such hearsay statement be admissible to prove that fact. No one would contend, we think, that it would have been permissible for the sheriff to testify that Mr. Fowler or Mr. McVitie had told him that Rosser had moved from this State to another State. The only other evidence introduced on the trial to show that Rosser was a non-resident was a letter signed G. R. Rosser, dated at no place, and there was no proof from where it came, the letter stating, "I am writing you to inform you that I have changed my address from Galveston, Texas, to Montgomery, Ala." Mr. Bird testified that he knew the signature of Rosser, and this perhaps rendered the letter admissible, but was this sufficient proof to render the evidence taken at the examining trial admissible? Does it show a permanent removal from the State? We do not think it can hardly be so contended, and the letter taken as a whole would indicate a willingness to attend the trial of the case if promptly notified. This letter was written December 14, 1913, and the trial did not take place until about one month thereafter, yet the record does not disclose there was any effort made to secure the attendance of the witness, or proof that he had permanently gone beyond the jurisdiction of the court. The prosecuting officer evidently recognized that this evidence was insufficient to render the testimony admissible, and when a motion for new trial was filed after conviction, he got in communication with the witness and secured communications from him showing a permanent removal and attached the communications to a contest to the motion for new trial. But as to the proof offered on the motion for a new trial, would such letters have been admissible on the trial had he then been in possession

of them? No proof was offered that the communications attached to the contest were in the handwriting of Rosser, or that they bore his signature. They could not and did not prove themselves. If the prosecution had been in possession of these later communications at the time of the trial, they would not have been admissible unless some proof had been offered that they were in his handwriting, or that the signature attached thereto was the signature of the witness. Under such circumstances the exhibits introduced on the hearing of the motion for new trial added no strength to the State's case, and appellant's motion to strike them from the record should have been sustained, unless the State had introduced some proof that the communications were in the handwriting of Rosser, or that the signature attached thereto was in fact his signature. If Mr. Bird could testify to the signature and writing in the letter introduced on the trial, he certainly could have testified whether or not the handwriting and signature to the communications attached to the contest of the motion for new trial was in fact the handwriting of Rosser. Bird was in the jurisdiction of the court and he could have been secured. Certainly without any further testimony the letters did not prove themselves, and under such circumstances they added no strength to the State's case.

The evidence given at the examining trial by Rosser was very material—in fact, was the main reliance of the State, and it having been admitted in evidence without a proper predicate having been laid, presents reversible error. It is only when it is shown that a person has permanently gone beyond the jurisdiction of the court that his testimony can be reproduced; a temporary absence does not render it admissible.

We have carefully gone over the record, and in our opinion the other bills present no error.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*