Roger Dale PORIER, Appellant,

v.

The STATE of Texas, Appellee.

No. 67344.

Court of Criminal Appeals of Texas, En Banc.

Jan. 11, 1984.

---

Louis F. Mathis, Texarkana, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for burglary of a vehicle. After finding appellant guilty, the jury assessed punishment, enhanced by two prior convictions, at life.

Appellant was convicted of breaking and entering an automobile owned by Marie Philyaw, with intent to commit theft and without the effective consent of the owner. A previous conviction and sentence of life in this cause were reversed by this Court for failure to prove the allegations in the first enhancement paragraph. *Porier v. State*, 591 S.W.2d 482 (Tex.Cr.App.1980).

Appellant challenges the admission into evidence of allegedly hearsay testimony. The testimony given by the complainant at

the former trial was read to the jury. The complainant testified that she drove to the Piggly Wiggly Store at Southwest Mall in Texarkana on May 2, 1975. She went inside to shop and stayed in the store for half an hour. Upon returning to her car, the complainant met a Mr. and Mrs. Trammel. Mrs. Trammel informed her that a man in a red pickup had opened her unlocked car and removed a CB radio. The complainant confirmed that the radio was missing.

The next day, appellant was picked up by the police and confessed to opening the car and taking the radio. He led officers to his mother's home and there retrieved the radio. The complainant testified that she went to the police station, identified the radio as her own, and took it with her.

Appellant contends that the complainant's testimony from the former trial was inadmissible hearsay. Appellant also challenges as hearsay the testimony concerning what Mrs. Trammel told the complainant.

■■■ With respect to the statements made by Mrs. Trammel to the complainant, appellant's contention is correct. Though the State attempted to show that the witness resided outside the State and was unavailable, the State did not show how Mrs. Trammel's statements, related by the complainant at the former trial, fell within any exception to the hearsay rule. Unavailability alone will not suffice. Thus, Mrs. Trammel's statement that a man in a red pickup (matching appellant's physical appearance) took the CB radio should not have been admitted into evidence.

Appellant complains that the complainant's testimony from the former trial was inadmissible hearsay because the State failed to comply with Art. 39.01, V.A.C.C.P. Art. 39.01, supra, reads in pertinent part:

" . . . The deposition of a witness . . . taken at any prior trial of the defendant for the same offense, may be used by either the State or the defendant in the trial of such defendant's criminal case under the following circumstances:

"When oath is made by the party using the same that . . . by reason of age or bodily infirmity, such witness cannot at‐ tend. When the testimony is sought to be used by the State, the oath may be made by any credible person. When sought to be used by the defendant, the oath shall be made by him in person."

Though it is not clear from the language of the statute that Art. 39.01, supra, should cover the admission of testimony taken at former trials, our cases have so held. *McInturf v. State,* 544 S.W.2d 417 (Tex.Cr.App. 1976); *Galvan v. State,* 461 S.W.2d 396 (Tex.Cr.App.1970). We have long required the giving of an oath by or on behalf of the offering party. *Smith v. State,* 142 Tex. Cr.R. 349, 152 S.W.2d 751 (1941).

Appellant correctly points out that the written statement relied on by the State, a letter from the complainant's doctor stating that she had coronary artery disease and that testifying would be hazardous to her health, was not notarized.

Appellant fails to mention, however, the testimony of the district attorney at the pre-trial hearing. District Attorney Charles Attaway was sworn in and stated that he personally contacted the complainant and her physician. The complainant told him that she had continuing heart problems which prevented her from leaving the house without assistance and that she could not withstand the rigors of another trial. The complainant's doctor told Attaway that she had a history of severe heart problems, her condition was permanent, and she should not attend the trial.

It has long been held that a proper predicate must be laid for the introduction of testimony taken at a former trial. *Raley v. State,* 548 S.W.2d 33 (Tex.Cr.App.1977).

■■ It has also been held that unavailability for purposes of Art. 39.01, supra, cannot be established by hearsay testimony. *Ogburn v. State,* 96 Tex.Cr.R. 339, 257 S.W. 887 (1924); *Anderson v. State,* 74 Tex.Cr.R. 621, 170 S.W. 142 (1914). In other words, hearsay testimony cannot be used by a party in order to bring himself under an exception to the rule forbidding hearsay testimony.

■ Since Attaway's testimony constituted hearsay, and the letter from the complainant's doctor was not notarized, the State failed to show unavailability of the witness under Art. 39.01, supra. The complainant's testimony from appellant's former trial should not have been admitted into evidence.

In another ground of error appellant challenges the admissibility of his confession. After the complainant gave a description of appellant and his truck (based on what she had been told by Mrs. Trammel) to the police a BOLO (be on the lookout) was issued for appellant's truck. Appellant was picked up the next day.

The State stipulated at trial that appellant was in custody when Officer Bill Sams brought him before Officer Dale Clingan for interrogation. Clingan asked appellant if he had taken the CB radio and appellant denied having done so.

It is undisputed that Clingan advised appellant of his *Miranda* rights.[1] Clingan asked appellant if he would waive those rights. Appellant expressed a desire to speak with his attorney. Clingan gave appellant a phone book and allowed him to place three or four calls to his attorney over a ten or fifteen minute period during which no interrogation took place.

After appellant failed to reach his attorney, Clingan "asked him if he wanted to talk to me." Clingan again asked appellant if he had committed the crime. Appellant denied it. Clingan said that if appellant was innocent he had nothing to worry about, but that if he was involved, "we had a witness that was an eyewitness to the theft, that had observed the person that had committed the theft; and that his witness stated that she could identify the person that had committed the theft. I believe right at this time Mr.—well, Mr. Porier, he told me, he says, 'Okay, I did it. I got the radio.'"

Clingan then asked if appellant would consent to a voluntary search or require him to get a warrant. Appellant signed a written consent from and took officers to his mother's house to get the radio.

In *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), the Supreme Court stated: "We further hold that an accused, such as Edwards, having expressed his desire to deal with police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges or conversations with the police." 451 U.S. at 484, 101 S.Ct. at 1884.

In *Miranda v. Arizona*, supra 384 U.S. at 444, 86 S.Ct. at 1612, the Supreme Court noted: "If however, [the defendant] indicates in any manner and at any stage of the process that he wishes to consult with an attorney before speaking there can be no questioning . . . ."

■ Here, moments after appellant unsuccessfully attempted to contact his attorney, the officer initiated further interrogation and extracted a confession. Under *Miranda* and *Edwards* this confession must be excluded.[2] The consent to search and the search itself were clearly the fruits of the illegal confession and must also be excluded.

■ The hearsay testimony appellant objected to, and his confession, were crucial to the State's case and were obviously not harmless. The conviction must be reversed.

Appellant also contends that the evidence is insufficient to support the conviction. In *Collins v. State*, 602 S.W.2d 537 (Tex.Cr. App.1980), the defendant successfully complained of hearsay testimony and maintained that the evidence remaining after the hearsay was excluded was insufficient. We refused to consider the sufficiency of

---

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

2. Since not even the prophylactic requirements of *Edwards* were met in the instant case, there is no need to inquire if there was a valid waiver of the right to counsel. See *Oregon v. Bradshaw*, —— U.S. ——, 103 S.Ct. 2830, 77 L.Ed.2d 405 (1983).

the evidence under such circumstances and reversed and remanded. See also, *Adams v. State,* 639 S.W.2d 942 (Tex.Cr.App.1982), and *Fearance v. State,* 620 S.W.2d 577 (Tex. Cr.App.1980).

The concurrence noted, however, that the holding in *Collins* only applied to, "the special case of an appellant like Collins who tries to bootstrap himself into an acquittal by arguing first that a piece of evidence was admitted erroneously, and then that the erroneously admitted evidence must be discounted in considering the sufficiency of the evidence." 602 S.W.2d at 539.

The concurrence also noted that the holding did, "not affect our general rule that, even though we have found reversible trial error, we still must consider a claim that all the evidence (proper and improper) was insufficient." 602 S.W.2d at 540.

■ In the instant case, the appellant, unlike the defendants in *Collins* and *Fearance,* maintains that all the evidence, proper and improper, is insufficient to support the conviction. Thus we will follow our usual practice of reviewing the sufficiency of the evidence. *Burks v. United States,* 473 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Swabado v. State,* 597 S.W.2d 361 (Tex.Cr.App.1980).

■ The evidence is sufficient to support the conviction. Appellant confessed to the crime and gave the complainant's radio to the police. The complainant testified that her CB radio which had been in her unlocked car prior to her shopping trip was missing when she returned. Later, the complainant identified as her own the radio appellant had given to the police. An eyewitness saw a man, matching appellant's physical appearance and driving a red pickup truck, break into the complainant's car and take a CB radio. When appellant was arrested by the police he was driving a red pickup truck with license plates matching the numbers relayed by the eyewitness to the complainant. This ground of error is overruled.

■ In the event of a retrial, the State may not attempt to reprove the allegations in the first enhancement paragraph. This is because of our holding on appellant's appeal of his original trial that the evidence was insufficient to support the first enhancement paragraph. The first enhancement paragraph in the instant case is the same one that was utilized in appellant's original trial.

In *Cooper v. State,* 631 S.W.2d 508, 514 (Tex.Cr.App.1982), we stated:

"We therefore hold as a matter of federal constitutional law compelled by [*Bullington v. Missouri,* 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270] that if the State fails to sufficiently prove all facts necessary to find an enhancement paragraph 'true,' the State may not, at a new hearing in that cause have a second opportunity to prove the original allegations. "... To the extent this holding conflicts with Porier v. State, supra; ... and *Bullard v. State,* 533 S.W.2d 812 [(Tex.Cr. App.1976)] ... those cases are expressly overruled."

The judgment is reversed and the cause is remanded.

W.C. DAVIS and McCORMICK, JJ., concur in results.