Irineo Tristan MONTOYA, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–86–507–CR.

Court of Appeals of Texas,
Corpus Christi.

Nov. 19, 1987.

Rehearing Denied Dec. 10, 1987.

Discretionary Review Refused
Feb. 24, 1988.

Ted Campagnolo, Haywood & Campagnolo, Brownsville, for appellant.

Ben Euresti, Jr., Dist. Atty., Brownsville, for appellee.

Before KENNEDY, SEERDEN and DORSEY, JJ.

OPINION

KENNEDY, Justice.

The appellant, Irineo Montoya, was convicted of aggravated kidnapping. He pled nolo contendere, was found guilty by the trial judge and was sentenced to ten years confinement. In his single point of error appellant complains that "there was insufficient evidence for the trial court to find the appellant guilty in his plea of nolo contendere in that certain items linking appellant to the victim should not have been considered by the trial court." The manner in which appellant presents his single point of error is not in keeping with the standard reemphasized by the Texas Court of Criminal Appeals in *Janecka v. State,* 739 S.W. 2d 813 (Tex.Crim.App.1987). There the Court noted its longstanding policy of refusing to consider sufficiency claims based on evidence remaining after improperly admitted evidence is removed from consideration. *See also Porier v. State,* 662 S.W.2d 602, 606 (Tex.Crim.App.1984).

Even if we were to consider appellant's challenge to the admission of evidence resulting from a search incident to his arrest as unassigned error, a plea of nolo contendere generally waives such error. *See Wheeler v. State,* 628 S.W.2d 800, 802 (Tex.Crim.App.1982); *Durham v. State,* 466 S.W.2d 758, 759 (Tex.Crim.App. 1971). Appellant does not, moreover, challenge the voluntary nature of his plea or claim that he was misinformed about his right to appeal from such a plea. *See Christal v. State,* 692 S.W.2d 656, 658 (Tex. Crim.App.1981).

Appellant's point of error is overruled.

The judgment of the trial court is affirmed.