ACCEPTED
07-15-00199-CR
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
10/21/2015 4:33:11 PM
Vivian Long, Clerk

No. 07-15-00199-CR
No. 07-15-00200-CR

IN THE COURT OF APPEALS

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
10/21/2015 4:33:11 PM
VIVIAN LONG
CLERK

FOR THE

SEVENTH SUPREME JUDICIAL DISTRICT

OF TEXAS

at Amarillo, Texas


DESTANY JENEE (REED) LILES,
Appellant,
v.
THE STATE OF TEXAS,
Appellee

---

Appealed from Cause No. 20,498-C and 24,698-C
251st District Court
Randall County, Texas
Hon. Ana Estevez, Presiding Judge

---

APPELLANT'S BRIEF

---

James L. Abbott, Jr.
ABBOTT LAW OFFICE
Texas Bar No. 24006725
1105 S. Taylor Street
Amarillo, Texas 79101
Tel. (806) 331-5653
Fax (806) 331-5655

ATTORNEYS FOR APPELLANT

## I. IDENTITY OF PARTIES AND COUNSEL

Appellant certifies that the following is a complete list of the parties, attorneys, and any other person in the underlying cause of action:

1. Trial Judge: Hon. Anna Estevez, 251st District Court, 501 S. Fillmore Street, Amarillo, Texas 79101.

2. Appellant: Destany Jenee (Reed) Liles

3. Counsel for Appellant: James L. Abbott, Jr., Texas Bar No. 24006725; Abbott Law Office, 1105 S. Taylor Street, Amarillo, Texas 79101, (806) 331-5653, (806) 331-5655 (facsimile).

4. District Attorney: David Blount, Assistant Randall County District Attorney, 2309 Russell Long Blvd., Canyon, Texas 79015.

Respectfully submitted,

Of Counsel:

ABBOTT LAW OFFICE
1105 S. Taylor Street
Amarillo, Texas 79101
(806) 331-5653
(806) 331-5655 (fax)
james@350Hope.com

JAMES L. ABBOTT, JR.
State Bar Number 24006725

ATTORNEYS FOR APPELLANT

No. 07-15-00199-CR
No. 07-15-00200-CR

DESTANY JENEE (REED) LILES,
Appellant,
v.
THE STATE OF TEXAS,
Appellee

## II.  TABLE OF CONTENTS

I.      IDENTITY OF PARTIES AND COUNSEL ...................................................... ii

II.     TABLE OF CONTENTS ................................................................................ iii

III.    INDEX OF AUTHORITIES ............................................................................. v

IV.     STATEMENT OF THE CASE ......................................................................... 2

V.      ISSUES PRESENTED FOR REVIEW ........................................................... 3

Issue No. 1: The evidence adduced at trial was legally insufficient to support a conviction in this case.

Issue No. 2: The trial court abused its discretion in sentencing Appellant to four years in the Texas Department of Criminal Justice Institutional Division.

Issue No. 3: Appellant's rights were violated as counsel for Appellant was ineffective.

VI.     STATEMENT OF FACTS ............................................................................... 3

VII.    SUMMARY OF THE ARGUMENT ............................................................... 5

VIII.   ARGUMENT ................................................................................................... 5

Point of Error No. 1 (Restated): ............................................................ 6
Point of Error No. 2 (Restated): ............................................................ 8
Point of Error No. 3 (Restated): ............................................................ 10

IX.    PRAYER.................................................................................................... 12

X.    CERTIFICATE OF SERVICE ................................................................. 13

iv

## III. INDEX OF AUTHORITIES

**<u>Cases</u>**

*Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)............ 5

*Blott v. State,* 588 S.W.2d 588, 592 (Tex.Crim.App.1979) ..................... 11

*Ex parte Battle,* 817 S.W.2d 81, 84 (Tex.Crim.App. 1991) ..................... 10

*Ex parte Burns,* 601 S.W.2d 370, 372 (Tex.Crim.App.1980) .................. 11

*Hacker v. State,* 389 S.W.3d 860, 865 (Tex. Crim. App. 2013)................. 6

*Harner v. State,* 997 S.W.2d 695, 704 (Tex.App.-Texarkana 1999, no pet.)......... 11

*High v. State,* 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).................... 5

*Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)............. 6

*Jackson v. State,* 680 S.W.2d 809, 814 (Tex.Crim.App.1984)................. 8

*McFarland v. State,* 845 S.W.2d 824, 842 (Tex.Crim.App.1992)............ 10

*Monroe v. State,* 671 S.W.2d 583, 585 (Tex.App.—San Antonio, 1984, no pet.)... 5

*Montgomery v. State,* 810 S.W.2d 372, 380, 391 (Tex.Crim.App.1990) ................. 8

*Porier v. State,* 662 S.W.2d 602, 609 (Tex. Crim. App. 1984) ................. 6

*Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).................. 9

*Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L. Ed.2d 674, 1984) 10

*Tamminen v. State,* 653 S.W.2d 799, 803 (Tex.Crim.App.1983)............ 8

## Statutes

Tex. Pen. Code Ann. §22.02 (Vernon 2015)............................................................ 6

Tex. Pen. Code Ann. §§22.04 (Vernon 2015)......................................................... 7

No. 07-15-00199-CR
No. 07-15-00200-CR

DESTANY JENEE (REED) LILES,
Appellant,

v.

THE STATE OF TEXAS,
Appellee

---

## APPELLANT'S BRIEF

---

TO THE HONORABLE COURT OF APPEALS:

COMES NOW, DESTANY JENEE (REED) LILES, Appellant, and submits

this brief. Appellant will be referred to as "Appellant" or "Destany Liles." Appellee,

the State of Texas, will be referred to as "Appellee" or the "State." Since there are

two causes on appeal in this matter, all citations to the Clerk's Record (CR) will be

in the order of "(CR xx, xx)" where the citations are in the order of 20,498-C

[aggravated assault with a deadly weapon]; and 24,698-C [aggravated assault with a

deadly weapon].

1

## IV. STATEMENT OF THE CASE

*Nature of the case.*   The State of Texas charged Destany Liles by indictment with the offense of aggravated assault with a deadly weapon. (CR 20,498-C 4). She plead guilty to that offense on April 22, 2009, and was granted six years deferred adjudication. (CR 20,498-C 17).  The State filed its Motion to Revoke on December 13, 2013, alleging that Ms. Liles had committed a new offense, that being the offense charged in cause number 24,698-C.

On October 16, 2013, Ms. Liles was indicted for the offense of aggravated assault with a deadly weapon in cause number 24,698-C.

*Course of proceedings.*   On April 27, 2015, Ms. Liles plead "not true" to the Motion to Revoke and "not guilty" to the new charge, and the consolidated matters were tried to the Court. The trial court found the allegation in cause number 20,498-C to be "true" and found Ms. Liles "guilty" of the offense in cause number 24,698-C, and sentenced Ms. Liles to four years in TDCJ, with the sentences to run concurrently. (CR 52, 37). Thereafter, and within the time limits of the T.R.A.P., Appellant filed her notice of appeal. (CR 59, 43).

*Trial court disposition.*  The trial court rendered judgment on the verdicts on April 27, 2015.  (CR 52, 37).

2

# V. ISSUES PRESENTED FOR REVIEW

**Issue No. 1:** The evidence adduced at trial was legally insufficient to support a conviction in this case.

**Issue No. 2:** The trial court abused its discretion in sentencing Appellant to four years in the Texas Department of Criminal Justice Institutional Division.

**Issue No. 3:** Appellant's rights were violated as counsel for Appellant was ineffective.

# VI. STATEMENT OF FACTS

Officer Aaron Fulcher, of the Amarillo Police Department, testified that on September 28, 2013, he was called out to the 4100 block of Republic Avenue in Randall County, Texas in regard to a fight with items being thrown out of a room. (RR 25-26). When he arrived at the location, the door was open, and he could hear a male and a female arguing. (RR 27). The male, identified as Ronald Liles, was sitting on the couch and had injuries to his genitalia. (RR 28). The female was identified as Destany Liles. (RR 29).

Mr. Liles told the officer that there was a gun at the scene, and Mrs. Liles told him that she had put the gun to her own head and then pointed it at Mr. Liles to keep him from leaving the apartment. (RR 29). The officers located the weapon, a loaded

3

.38 Smith & Wesson revolver, behind one of the bedroom doors. (RR 30-31).

Mr. Liles had abrasions and scratches around his neck and was bleeding through his khakis shorts. (RR 35). Mrs. Liles did not appear to have any injuries. (RR 37).

Ronald Liles, Appellant's ex-husband, testified that he had asked Mrs. Liles for a divorce, and that she thought that he was cheating on her and staying out too much. (RR 50). The fight escalated, and he grabbed a backpack so that he could leave. (RR 51). During the fight, Mrs. Liles grabbed Mr. Liles, pulled his shorts and underwear off, grabbed his testicles, and seriously injured him. (RR 55). According to Mr. Liles, "she is incredibly strong when she is upset, and there was no defending yourself against her." (RR 55). As he was trying to leave, Mrs. Liles knocked him down, grabbed the backpack, and removed the gun from it. (RR 51-52, 61). First, she pointed the gun at herself, but then pointed it at Mr. Liles. (RR 53).

Appellant testified that Mr. Liles had been drinking since about 5:00 that afternoon. (RR 72). They went to dinner about 8:30 p.m., and Mr. Liles continued to drink. (RR 72-73). They argued at the restaurant and got back home about 9:30 p.m. (RR 73). Mr. Liles was upset about the confrontation at the restaurant. (RR 74). Just before 11 p.m., Destany went into the living room and found him on the

4

couch, with his backpack by the front door. (RR 75). He was smoking a cigarette and told her that he was "getting ready." (RR 75). They began to talk about what had happened earlier in the evening, attempt to have sex, then physically begin to fight. (RR 78-79). Eventually, Destany takes the backpack, says "this is the bag with the gun in it", and throws it into the bathtub. (RR 81). She attempts to get Mr. Liles to leave the apartment, but after repeated attempts, takes the gun from the backpack, points it at herself, and contemplates suicide from about thirty minutes." (RR 82, 85-87, 97). Mrs. Liles denied having pointed the weapon at Mr. Liles.

## VII. SUMMARY OF THE ARGUMENT

In compliance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978); and *Monroe v. State*, 671 S.W.2d 583, 585 (Tex.App.—San Antonio, 1984, no pet.), counsel on appeal is required to discuss any evidence adduced at trial and point out where error might exist.

## VIII. ARGUMENT

5

## Point of Error No. 1 (Restated):

The evidence was legally insufficient to allow for a conviction of aggravated assault with a deadly weapon because the State failed to prove the essential elements of the offenses.

## Standard for Legal Sufficiency

Appellant might contend that the evidence is legally insufficient to show the essential elements of the offenses of aggravated assault with a deadly weapon. Tex. Pen. Code Ann. §22.02 (Vernon 2015). In addressing legal sufficiency, the court considers all of the evidence in the light most favorable to the verdict and determines whether any rational trier of fact could have found all the elements of the offense beyond a reasonable doubt. The reviewing court must assume that all conflicts in the testimony were resolved in favor of the verdict of guilty. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). All evidence admitted at trial must be considered in a sufficiency review. *Porier v. State*, 662 S.W.2d 602, 609 (Tex. Crim. App. 1984).

As to the revocation of community supervision, the appellate standard of review for legal sufficiency is less rigorous. For probation revocation cases, the appellate standard of review is whether the trial court abused its discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013).

6

## Aggravated Assault with a Deadly Weapon

The Texas Penal Code states that a person commits an offense if she intentionally or knowingly commits assault and the person uses or exhibits a deadly weapon during the commission of the assault. Tex. Pen. Code Ann. §22.02 (Vernon 2015). "Assault" is defined in Texas Penal Code §22.01 as intentionally or knowingly threatening another with imminent bodily injury. Aggravated assault is a second degree felony. Tex. Pen. Code Ann. §22.02(b).

Although the testimony at trial conflicted, it seems that everyone agrees that Mrs. Liles had access to the weapon. When the officer arrived on scene, Mr. Liles, was sitting on the couch and had injuries to his genitalia. (RR 28). There is no dispute that Mr. Liles had abrasions and scratches around his neck and was bleeding through his khakis. Shorts. (RR 35). Mrs. Liles did not appear to have any injuries. (RR 37). Mr. Liles testified that Mrs. Liles had the gun and pointed it at him. Officer Fulcher testified that Mrs. Liles admitted to him that she had pointed the gun at Mr. Liles to keep him from leaving the apartment. (RR 29).

Counsel for Appellant concludes that there is no issue as to legal sufficiency of the evidence.

## Point of Error No. 2 (Restated):

The trial court abused its discretion in sentencing Appellant to four years in the Texas Department of Criminal Justice Institutional Division.

In reviewing a trial court's determination of the appropriate punishment in any given case, a great deal of discretion is allowed the sentencing court. *Jackson v. State,* 680 S.W.2d 809, 814 (Tex.Crim.App.1984). A court abuses its discretion when it acts without reference to any guiding rules or principles so as to render the conclusion ultimately reached arbitrary, unreasonable, and outside the zone within which reasonable minds may differ. *See Montgomery v. State,* 810 S.W.2d 372, 380, 391 (Tex.Crim.App.1990). Accordingly, a trial court that imposes a sentence upon a defendant without having any factual basis for that sentence may well abuse his discretion. *Jackson,* 680 S.W.2d at 814. However, if the record reflects that the judge had evidence before him that he could rely upon in making the assessment of the sentence that was imposed, the general rule prevails, which provides that a trial court's discretion is limited only by the maximum sentence allowed by law. *Id.; Tamminen v. State,* 653 S.W.2d 799, 803 (Tex.Crim.App.1983).

In *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), the United States Supreme Court set out a the three-prong test for proportionality that included looking at: (1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Id.* at 292. The Supreme Court re-examined the *Solem* test in *Harmelin v. Michigan,* 501 U.S. 947 (1991). It is unclear from *Harmelin* whether the *Solem* proportionality test survived. *See Sullivan v. State,* 975 S.W.2d 755, 757 (Tex.App.-Corpus Christi 1998, no pet.). However, when the Fifth Circuit later analyzed *Harmelin,* it concluded:

> we will initially make a threshold comparison of the gravity of [the appellant's offense] against the severity of his sentence. Only if we infer that the sentence is grossly disproportionate to the offense will we then consider the remaining factors of the *Solem* test and compare the sentence received to (1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions. *McGruder v. Puckett,* 954 F.2d 313, 316 (5th Cir.1992).

**Punishment Excessive**

Appellant might contend that the trial court abused its discretion in assessing punishment at four years' confinement in this case. Here, the punishment was within the range set out by law.

9

Based upon the facts of this case, counsel for Appellant concludes that the trial court did not abuse its discretion is assessing punishment in this case.

**Point of Error No. 3 (Restated):**

Appellant's rights were violated as counsel for Appellant was ineffective.

The test for ineffective assistance of counsel is to show that the attorney's representation fell below an objective standard of reasonableness and that this deficient performance prejudiced the defendant. *Ex parte Battle*, 817 S.W.2d 81, 84 (Tex.Crim.App. 1991)(citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L. Ed.2d 674, 1984).

To prevail on an ineffective assistance of counsel claim, Appellant must demonstrate that her attorney's representation fell below a reasonable standard of effectiveness and that the deficient performance was so serious that it prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *McFarland v. State,* 845 S.W.2d 824, 842 (Tex.Crim.App.1992). To meet this burden, he must prove by a preponderance of the evidence that his attorney's representation fell below the standard of prevailing professional norms, and that there is a reasonable probability that, but for his attorney's deficiency, the result of

10

the trial would have been different. In ruling on an ineffective assistance of counsel claim, the appellate court considers the totality of the evidence before the jury. Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim.

The appellate court's review of trial counsel's representation is highly deferential. There is a strong presumption that the trial attorney's conduct falls within a wide range of reasonably effective representation. The burden is on Appellant to overcome that presumption. He must show specific acts or omissions that constitute ineffective assistance and affirmatively prove that those acts fall below the professional norm for reasonableness. The appellate court makes a full inquiry into trial counsel's strategy or tactics only if, from all appearances after trial, there is no plausible basis in strategy or tactics for his actions. *Ex parte Burns,* 601 S.W.2d 370, 372 (Tex.Crim.App.1980). The court does not second-guess counsel's trial strategy, nor the fact that another attorney might have pursued a different course. *Blott v. State,* 588 S.W.2d 588, 592 (Tex.Crim.App.1979). The fact that another attorney, even Appellant's counsel on appeal, might have pursued a different course of action does not necessarily indicate ineffective assistance. *Harner v. State,*

997 S.W.2d 695, 704 (Tex.App.-Texarkana 1999, no pet.).

Even if he were to prove errors on the part of trial counsel, Appellant would have to affirmatively prove prejudice. He would have to prove that his trial attorney's errors, judged by the totality of the representation and not by isolated instances of error, denied him a fair trial. It would not be enough for Appellant to show that the errors had some conceivable effect on the outcome of the proceedings; he would have to demonstrate that there was a reasonable probability that, but for his trial attorney's errors, the jury would have had a reasonable doubt about his guilt.

Counsel on appeal has thoroughly reviewed the trial record, spending a great deal of time reading both the reporter's record and the clerk's record herein, and concludes thereafter that no error exists as to ineffective assistance of counsel.

## IX. PRAYER

WHEREFORE, PREMISES CONSIDERED, for the reasons discussed herein, Appellant respectfully requests that he receive all relief to which he is entitled.

Of Counsel:

Respectfully submitted,

ABBOTT LAW OFFICE
1105 S. Taylor Street
Amarillo, Texas 79101
(806) 331-5653
(806) 331-5655 (fax)
james@350Hope.com

_____
JAMES L. ABBOTT, JR.
State Bar Number 24006725

ATTORNEY FOR APPELLANT

## X. CERTIFICATE OF SERVICE

The undersigned, attorney for Appellant hereby certifies that a true and correct copy of the foregoing was on the ___Zl J+___ day of October, 2015, served upon all counsel of record as follows:

___✓___ (a)    by delivery in person;
_____ (b)    by agent or courier receipted delivery;
_____ (c)    by certified mail, return receipt requested;
_____ (d)    by fax.

*Attorney for Appellant*

James Farren
Randall County District Attorney
2309 Russell Long Blvd.
Canyon, Texas 79015

_____
James L. Abbott, Jr.

13

## CERTIFICATE OF COUNSEL

In compliance with the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the undersigned appointed counsel of record for Destany Liles, on appeal, states that counsel has diligently reviewed the entire record in this cause and the law applicable thereto, and it is his opinion that the appeal of the judgment of conviction in this cause is without merit and frivolous because the record reflects no reversible error. Further, it is the opinion of the undersigned counsel that there are not grounds of error upon which an appeal can be predicated.

The undersigned has mailed a copy of this brief along with a letter outlining the position of counsel that the appeal is essentially without merit. Also included in the letter is an advisement that Ms. Liles may review the record and file a pro se appellate brief, if she so desires.

James L. Abbott, Jr.

14

## CERTIFICATE OF COMPLIANCE

The undersigned attorney hereby certifies that this Appellant's Brief contains 3216 words and is in compliance with T.R.A.P. 9.3

_____
James L. Abbott, Jr.

# APPENDIX

1. Judgment in Cause No. 20,498-C
2. Judgment in Cause No. 24,698-C




| THE STATE OF TEXAS | § | IN THE 251ST DISTRICT COURT |
|---|---|---|
| | § | |
| v. | § | |
| | § | |
| DESTANY JENEE LILES | § | RANDALL COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX 07814163 | § | |

## JUDGMENT ADJUDICATING GUILT

| Judge Presiding: | **HON. ANA ESTEVEZ** | Date Judgment Entered: | **04/27/2015** |
|---|---|---|---|
| Attorney for State: | **CHARLES D. BLOUNT** | Attorney for Defendant: | **VAN WILLIAMSON** |

| Date of Original Community Supervision Order: | Statute for Offense: |
|---|---|
| **12/16/2013** | **22.02 PC** |

Offense for which Defendant Convicted:

**AGG ASSAULT W/DEADLY WEAPON**

Date of Offense:

**02/09/2009**

| Degree: | Plea to Motion to Adjudicate: | Findings on Motion to Adjudicate: | Findings on Deadly Weapon: |
|---|---|---|---|
| **SECOND DEGREE FELONY** | TRUE:<br>NOT TRUE:<br>WAIVED: | | **YES, NOT A FIREARM** |

Terms of Plea Bargain:

**4 YEARS IN THE INSTITUTIONAL DIVISION, TDCJ**

| Date Sentence Imposed: | **04/27/2015** | Date Sentence to Commence: | **04/27/2015** |
|---|---|---|---|

| Punishment and Place of Confinement: | **4 YEARS IN THE INSTITUTIONAL DIVISION, TDCJ.** |
|---|---|

### THIS SENTENCE SHALL RUN CONCURRENTLY.

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR **N/A** .

| Fine: | Court Costs: | Restitution: | Restitution Payable to: | |
|---|---|---|---|---|
| **$ N/A** | **SEE BILL OF COSTS** | $ | ☐ VICTIM (see below) | ☐ AGENCY/AGENT (see below) |

**Sex Offender Registration Requirements do not apply to the Defendant.** TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was **N/A** .

| Time Credited: | If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order. |
|---|---|
| | **From 02/09/2009 to 04/22/2009; 01/14/2014 to 01/14/2014; 04/01/2015 to 04/27/2015** |
| | If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below. |
| | **N/A DAYS**    NOTES: **N/A** |

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

The Court previously deferred adjudication of guilt in this case. Subsequently, the Court heard the matter of Defendant's compliance with and obedience to the terms and conditions of the Court's Order of Deferred Adjudication of Guilt. The State appeared by her District Attorney.

FILED

**Counsel / Waiver of Counsel (select one)**

☒ Defendant appeared in person with Counsel.

☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

2015 APR 28 PM 2: 16

JO C.... FER .....TRICT CLERK
RAN........UNTY. TEXAS

_____,DEPUTY

After hearing and considering the evidence presented by both sides, the Court **FINDS THE FOLLOWING**: (1) The Court previously found the Defendant to be qualified for community supervision; (2) The Court **DEFERRED** further proceedings, made no finding of guilt, and rendered no judgment; (3) The Court issued an order placing Defendant on community supervision for a period of **6 YEARS**;

(4) The Court assessed a fine of **$N/A**; (5) While on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's **ORIGINAL** Motion to Adjudicate Guilt as follows:

PARAGRAPHS 1

Accordingly, the Court **GRANTS** the State's Motion to Adjudicate the Defendant's Guilt in the above cause. **FINDING** the Defendant committed the offense on the date as noted above, the Court **ORDERS, ADJUDGES AND DECREES** that Defendant is **GUILTY** of the offense. The Court **FINDS** the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court **ORDERS** Defendant punished as indicated above. The Court **ORDERS** Defendant to pay all fines, court costs, and restitution as indicated above.

### Punishment Options (select one)

☒ **Confinement in State Jail or Institutional Division.** The Court **ORDERS** the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the **Director, INSTITUTIONAL DIVISION, TDCJ.** The Court **ORDERS** Defendant to be confined for the period and in the manner indicated above. The Court **ORDERS** Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court **ORDERS** that upon release from confinement, Defendant proceed immediately to the Randall County District Clerk. Once there, the Court **ORDERS** Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court **ORDERS** Defendant immediately committed to the custody of the Sheriff of **Randall** County, Texas on the date the sentence is to commence. Defendant shall be confined in the **Randall** County Jail for the period indicated above. The Court **ORDERS** that upon release from confinement, Defendant shall proceed immediately to the Randall County District Clerk. Once there, the Court **ORDERS** Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a **FINE ONLY.** The Court **ORDERS** Defendant to proceed immediately to the Office of the **Randall** County **District Clerk.** Once there, the Court **ORDERS** Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

### Execution / Suspension of Sentence (select one)

☒ The Court **ORDERS** Defendant's sentence **EXECUTED.**

The Court **ORDERS** that Defendant is given credit noted above on this sentence for the time spent incarcerated.

### Furthermore, the following special findings or orders apply:

☒ Deadly Weapon.

The Court **FINDS** Defendant used or exhibited a deadly weapon, namely, a knife, during the commission of a felony offense or during immediate flight therefrom or was a party to the offense and knew that a deadly weapon would be used or exhibited. TEX. CODE CRIM. PROC. art. 42.12 §3g.

☐ The Court finds that the offense for which Defendant is convicted was committed in, on, or within 1,000 feet of premises of a school or a public or private youth center.

☐ Special Drivers License for Sex Offender:

The Court **ORDERS** Defendant to apply for an original or renewed Texas Driver's License or personal identification certificate not later than 30 days after release from confinement or upon receipt of written notice from the Texas Department of Public Safety (DPS). The Court further **ORDERS** Defendant to annually renew the license or certificate. The DPS shall place an indication on the Defendant's driver's license or personal identification certificate that the Defendant is subject to the sex offender registration requirements. **The Court ORDERS the clerk of the Court to send a copy of this order to the DPS and to Defendant. TEX. CODE CRIM. PROC. art. 42.016.**

---

**Signed and entered on** _April 28, 2015_

X _Ana Estevez_

**ANA ESTEVEZ**

JUDGE PRESIDING

**THE STATE OF TEXAS**    X    **Cause No.**

**VS.** _aka Liles_    X

_Reed_    X _824698-C_

X _Destiny Lee_

_[signature]_

Signature of Bailiff,
Acting for the Court, who took
the thumbprint immediately to
the left hereof on this

APR 2 7 2015

_____ day of

Defendant's Right
Thumbprint

_____ 20____

54

# BILL OF COSTS

| THE STATE OF TEXAS | ][ | No. 20498C |
| --- | --- | --- |
| VS | ][ | Date of Judgment: |
| DESTANY JENEE LILES | ][ | 04/27/2015 |

Costs accrued in the above entitled cause to date:

| Court Cost(basic fees) | FEES | ASSESS | PAID | DUE |
| --- | --- | --- | --- | --- |
| State Consolidated ----------------------$ | 133.00 | $133.00 | $133.00 | $0.00 |
| State Jury-------------------------------$ | 4.00 | $4.00 | $4.00 | $0.00 |
| State Judiciary Support------------------$ | 6.00 | $6.00 | $6.00 | $0.00 |
| State Indigent Defense-------------------$ | 2.00 | $2.00 | $2.00 | $0.00 |
| State Time Payment-----------------------$ | 25.00 | $25.00 | $25.00 | $0.00 |
| District Clerk Filing--------------------$ | 40.00 | $40.00 | $40.00 | $0.00 |
| Record Management------------------------$ | 25.00 | $25.00 | $25.00 | $0.00 |
| Courthouse Security----------------------$ | 5.00 | $5.00 | $5.00 | $0.00 |
| Commitment-------------------------------$ | 5.00 | $5.00 | $5.00 | $0.00 |
| Technology ------------------------------$ | 4.00 | $ | $ | $ |
| Electronic Fund Support------------------$ | 5.00 | $ | $ | $ |
|  | Subtotal | $245.00 | $245.00 | $0.00 |
| Fees by offense and services performed |  |  |  |  |
| Peace Officer- warrant-------------------$ | 50.00 | $100.00 | $0.00 | $100.00 |
| Peace Officer- no warrant----------------$ | 5.00 | $5.00 | $5.00 | $0.00 |
| Sheriff Transport-------------------- $per bill |  | $ | $ | $ |
| State Child Attendant(abuse)-------------$ | 100.00 | $ | $ | $ |
| State DNA--------------------------------$ | 250.00 | $ | $ | $ |
| State DNA (should be ordered)------------$ | 34.00 | $ | $ | $ |
| State DNA (in order-pub/lew,ind.exp)----$ | 50.00 | $ | $ | $ |
| Drug Court(Offense 49PC&49.02&.031)------$ | 60.00 | $ | $ | $ |
| Bond Approval----------------------------$ | 10.00 | $10.00 | $0.00 | $10.00 |
| EMS (offense 49.04&09)-------------------$ | 100.00 | $ | $ | $ |
| Breath Alcohol(offense ch.49 exc/class C)---- $ | 22.50 | $ | $ | $ |
| Video (offenses under 49.04)------------$ | 15.00 | $ | $ | $ |
| ST Traffic(enhance to Fel/Transp 545.066(a)(2))~$ | 30.00 | $ | $ | $ |
| County Court at Law----------------------$ | 15.00 | $ | $ | $ |
| Attorney fees paid while on probation---per order |  | $800.00 | $800.00 | **** |
| Fine---------------------------------$ per Order |  | $1000.00 | $1000.00 | $0.00 |
|  | TOTAL | $2160.00 | $2050.00 | $110.00 |

****Attorney fees are not assessed until the court finds the defendant able to pay; pursuant to 26.05(g) TX Code of Criminal Procedure.

THE STATE OF TEXAS  [] I hereby certify the above to be a correct account of the cost
COUNTY OF RANDALL [] chargeable in the above entitled and numbered cause to this date

Given under my hand and seal of office, at Canyon, Texas, on this the 27th day of April, 2015.

JO CARTER
DISTRICT CLERK
By: *Donna Briscoe, Deputy*

***NOTE *other fees may be applied at a later date*****
Upon this office reviewing the Judgment, Probation Order, Order Deferring Judgment and Order to Pay Court Appointed
Attorney.  By statue other fees may apply.




CASE NO. **24698C**      COUNT

INCIDENT NO./TRN: 906945890X

| | | |
|---|---|---|
| THE STATE OF TEXAS | § § § § § § § | IN THE **251st District Court** |
| V. | | |
| **DESTANY JENEE LILES** | | **RANDALL COUNTY, TEXAS** |
| STATE ID NO.: **TX07814163** | | |

## JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL

| | | |
|---|---|---|
| Judge Presiding: | HON. **ANA ESTEVEZ** | Date Judgment Entered: **04/27/2015** |
| Attorney for State: | **CHARLES D. BLOUNT** | Attorney for Defendant: **VAN WILLIAMSON** |

Offense for which Defendant Convicted:
**AGG ASSAULT W/DEADLY WEAPON**

| Charging Instrument: **INDICTMENT** | Statute for Offense: **22.02 PC** |
|---|---|

Date of Offense:
**09/28/2013**

| Degree of Offense: **SECOND DEGREE FELONY** | Plea to Offense: **GUILTY** | Findings on Deadly Weapon: **YES, A FIREARM** |
|---|---|---|

Terms of Plea Bargain:
**4 YEARS IN THE INSTITUTIONAL DIVISION, TDCJ, AND A $1,000.00 FINE**

| Plea to 1st Enhancement Paragraph: **N/A** | Plea to 2nd Enhancement/Habitual Paragraph: **N/A** |
|---|---|
| Findings on 1st Enhancement Paragraph: **N/A** | Findings on 2nd Enhancement/Habitual Paragraph: **N/A** |

| Date Sentence Imposed: **04/27/2015** | Date Sentence to Commence: **04/27/2015** |
|---|---|

| Punishment and Place of Confinement: | **4 YEARS IN THE INSTITUTIONAL DIVISION, TDCJ** |
|---|---|

### THIS SENTENCE SHALL RUN **CONCURRENTLY.**

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR **N/A** .

| Fine: **$ 1,000.00** | Court Costs: **SEE BILL OF COSTS** | Restitution: **$ N/A** | Restitution Payable to: ☐ VICTIM (see below)   ☐ AGENCY/AGENT (see below) |
|---|---|---|---|

**Sex Offender Registration Requirements do not apply to the Defendant.** TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was **N/A** .

| | If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order. |
|---|---|
| Time Credited: | From 09/28/2013 to 09/28/2013; 04/01/2015 to 04/27/2015 |
| | If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below. |
| | **N/A DAYS**   NOTES: **N/A** |

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in **Randall** County, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**

☒ Defendant appeared in person with Counsel.
☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. The Court then admonished Defendant as required by law. It appeared to the Court that Defendant was mentally

FILED
2015 APR 28 PM 2:16
DISTRICT CLERK
.DEPUTY

37

competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court found Defendant guilty of the offense indicated above. In the presence of Defendant, the Court pronounced sentence against Defendant.

The Court **FINDS** Defendant committed the above offense and **ORDERS, ADJUDGES AND DECREES** that Defendant is **GUILTY** of the above offense. The Court **FINDS** the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court **ORDERS** Defendant punished as indicated above. The Court **ORDERS** Defendant to pay all fines, court costs, and restitution as indicated above.

### Punishment Options (select one)

☒ **Confinement in State Jail or Institutional Division.** The Court **ORDERS** the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the **Director, INSTITUTIONAL DIVISION, TDCJ**. The Court **ORDERS** Defendant to be confined for the period and in the manner indicated above. The Court **ORDERS** Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court **ORDERS** that upon release from confinement, Defendant proceed immediately to the Randall County District Clerk. Once there, the Court **ORDERS** Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court **ORDERS** Defendant immediately committed to the custody of the Sheriff of **Randall** County, Texas on the date the sentence is to commence. Defendant shall be confined in the **Randall** County Jail for the period indicated above. The Court **ORDERS** that upon release from confinement, Defendant shall proceed immediately to the Randall County District Clerk. Once there, the Court **ORDERS** Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a **FINE ONLY.** The Court **ORDERS** Defendant to proceed immediately to the Office of the **Randall** County . Once there, the Court **ORDERS** Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

### Execution / Suspension of Sentence (select one)

☒ The Court **ORDERS** Defendant's sentence **EXECUTED.**

☐ The Court **ORDERS** Defendant's sentence of confinement **SUSPENDED.** The Court **ORDERS** Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court **ORDERS** that Defendant is given credit noted above on this sentence for the time spent incarcerated.

### Furthermore, the following special findings or orders apply:

☒Deadly Weapon.

The Court **FINDS** Defendant used or exhibited a deadly weapon, namely, a firearm, during the commission of a felony offense or during immediate flight therefrom or was a party to the offense and knew that a deadly weapon would be used or exhibited. TEX. CODE CRIM. PROC. art. 42.12 §3g.

☐The Court finds that the offense for which Defendant is convicted was committed in, on, or within 1,000 feet of premises of a school or a public or private youth center.

☐Special Drivers License for Sex Offender:

The Court **ORDERS** Defendant to apply for an original or renewed Texas Driver's License or personal identification certificate not later than 30 days after release from confinement or upon receipt of written notice from the Texas Department of Public Safety (DPS). The Court further **ORDERS** Defendant to annually renew the license or certificate. The DPS shall place an indication on the Defendant's driver's license or personal identification certificate that the Defendant is subject to the sex offender registration requirements. **The Court ORDERS the clerk of the Court to send a copy of this order to the DPS and to Defendant.** TEX. CODE CRIM. PROC. art. 42.016.

---

**Signed and entered on** _April 28, 2015_.

**THE STATE OF TEXAS**  X   **Cause No.**

**VS.**  X

_Reed, D_  X _20,498-C_

X _Destiny Reed_

Signature of Bailiff,
Acting for the Court, who took
the thumbprint immediately to
the left hereof on this

**APR 27 2015** day of
_____ 20___

X _Ana Estevez_
**ANA ESTEVEZ**
JUDGE PRESIDING

Defendant's Right Thumbprint

38

Right Thumbprint

| THE STATE OF TEXAS | ][ | No. 24698C |
| VS | ][ | Date of Judgment: |
| DESTANY JENEE LILES | ][ | 04/27/2015 |

## Costs accrued in the above entitled cause to date:

| Court Cost (basic fees) | FEES | ASSESS | DUE |
|---|---|---|---|
| State Consolidated ---------------------$ | 133.00 | $133.00 | $133.00 |
| State Jury-------------------------------$ | 4.00 | $4.00 | $4.00 |
| State Judiciary Support-----------------$ | 6.00 | $6.00 | $6.00 |
| State Indigent Defense------------------$ | 2.00 | $2.00 | $2.00 |
| State Time Payment----------------------$ | 25.00 | $25.00 | $25.00 |
| District Clerk Filing-------------------$ | 40.00 | $40.00 | $40.00 |
| Record Management-----------------------$ | 25.00 | $25.00 | $25.00 |
| Courthouse Security---------------------$ | 5.00 | $5.00 | $5.00 |
| Commitment------------------------------$ | 5.00 | $5.00 | $5.00 |
| Technology -----------------------------$ | 4.00 | $4.00 | $4.00 |
| Electronic Fund Support-----------------$ | 5.00 | $5.00 | $5.00 |
| | Subtotal | $254.00 | $254.00 |

Fees by offense and services performed

| | FEES | ASSESS | DUE |
|---|---|---|---|
| Peace Officer- warrant------------------$ | 50.00 | $ | $ |
| Peace Officer- no warrant---------------$ | 5.00 | $5.00 | $5.00 |
| Sheriff Transport---------------------- | $per bill | $ | $ |
| State Child Attendant (abuse) -----------$ | 100.00 | $ | $ |
| State DNA--------------------------------$ | 250.00 | $ | $ |
| State DNA (should be ordered) -----------$ | 34.00 | $ | $ |
| Drug Court (Offense 49PC&49.02&.031) -----$ | 60.00 | $ | $ |
| Bond Approval---------------------------$ | 10.00 | $10.00 | $10.00 |
| EMS (offense 49.04&09) ------------------$ | 100.00 | $ | $ |
| Breath Alcohol (offense ch.49 exc/class C)---- $ | 22.50 | $ | $ |
| Juvenile Delinquency Prev. (offense 28.08)--$ | 50.00 | $ | $ |
| Video (offenses under 49.04)------------$ | 15.00 | $ | $ |
| ST Traffic (enhance to Fel/Transp 545.066(a)(2))-$ | 30.00 | $ | $ |
| County Court at Law---------------------$ | 15.00 | $ | $ |
| Fine------------------------------------$ | per Order | $1000.00 | $1000.00 |
| | TOTAL | $1269.00 | $1269.00 |

*Attorney fees are not assessed until the court finds the defendant able to pay; pursuant to 26.05(g) TX Code of Criminal Procedure.*

THE STATE OF TEXAS   [] I hereby certify the above to be a correct account of the cost
COUNTY OF RANDALL [] chargeable in the above entitled and numbered cause to this date

Given under my hand and seal of office, at Canyon, Texas, on this the 27th day of April, 2015.

JO CARTER
DISTRICT CLERK
By: *Donna Briscoe,* Deputy

***NOTE *other fees may be applied at a later date*****
Upon this office reviewing the Judgment, Probation Order, Order Deferring and Order to Pay Court Appointed Attorney
By statue other fees may apply.

39